Regis O’Brien, J.
Motion for an order to direct the Commissioner of Motor Vehicles to reinstate petitioner’s license, which had been revoked on February 23, 1956. Also motion (made upon the argument) to amend the petition by striking therefrom the allegations of subdivisions (b) (c) and (e) of para *493 graph 16 which raise the issue of the sufficiency and weight of the evidence upon which the commissioner revoked said license. Cross motion by respondent to dismiss the proceeding upon the ground that there is no determination to review, and that the revocation was mandatory because of the petitioner’s refusal to submit to a chemical test to determine the alcoholic content of his blood after having been arrested by a police officer, who had reasonable grounds to believe that he had been driving while in an intoxicated condition- and had an accident.
It appears, among other things, in this proceeding, that on November 23, 1955 the petitioner was operating an automobile in the town of Lewiston, New York and came into collision with another motor vehicle at the intersection of Lewiston Road and Hyde Park Boulevard, both being public highways; that about 10 minutes after the accident, the State troopers arrived at the scene and one of them arrested the petitioner for violating subdivision 5 of section 70 (driving while intoxicated) of the Vehicle and Traffic Law; that after his arrest the petitioner consented to submit to the chemical test for which provision is made in section 71-a of said law, but upon arrival at the State police barracks, at Lewiston, New York, he refused to supply the sample of urine needed to complete said test; that subsequently and on January 24,1956 a hearing was held by a motor vehicle referee to determine if the petitioner’s license to operate a motor vehicle should be revoked and thereafter, under date of February 23, 1956 based upon said hearing and the petitioner’s refusal to submit to the chemical test, as aforesaid, the Commissioner of Motor Vehicles revoked said license.
Prior to said hearing before the motor vehicle referee; the petitioner appeared before a Justice of the Peace of the Town of Lewiston on the trial of the criminal charge of violating said subdivision 5 of section 70 of the Vehicle and Traffic Law, as aforesaid, and was acquitted.
The petitioner’s attorney argues that said acquittal deprived the Motor Vehicle Commissioner of any legal basis for suspending or revoking the petitioner’s operating license.
The contention is not sound. The acquittal had no such effect. The trial over which the Justice of the Peace presided was on a criminal charge. In it the petitioner was presumed to be innocent and the burden was upon the prosecution to establish his guilt beyond a reasonable doubt.
‘‘ The rule that a charge must be proved beyond a reasonable doubt, applicable in criminal cases, does not apply to departmental hearings before administrative or executive bodies ’’. (Matter of Sch~iitzler v. Casey, 283 App. Div. 1092, 1093.)
*494 The proceeding which we are discussing “is a separate and distinct statutory proceeding based upon the driver’s refusal to submit to the test and his acquittal does not preclude this action against him under another law providing for licensing penalty (Matter of Anderson v. Macduff, 208 Misc. 271, 274.)
The petitioner claims that the decision in the Anderson case is not applicable because his arrest was unlawful, while in the Anderson case it was lawful.
The opinion in the Anderson case does not state if the offense (a misdemeanor) was, or was not, committed in the presence of the arresting officer. It merely relates that ‘‘ On September 2, 1954, the petitioner was arrested * * * and charged with driving an automobile while intoxicated ’’. It then states that “ The arresting officer requested the petitioner to submit to a blood test but this was refused by the petitioner who stated that he preferred to go before the judge ” (p. 272).
Based upon the contention that his arrest was unlawful, the petitioner argues that the request to submit to the chemical test was invalid.
The alleged offense is a misdemeanor (Vehicle and Traffic Law, § 70, subd. 5).
Generally, an arrest for a misdemeanor, must be made upon a warrant, unless committed in the presence of the arresting officer (Code Crim. Pro., § 177).
An exception to the general rule, however, is made in relation to an arrest for an alleged violation of subdivision 5 of section 70 of the Vehicle and Traffic Law. It is provided in subdivision 5-c of the same section that an arrest for an alleged violation of said subdivision 5, subdivision 5-a (“ Leaving scene of accident without reporting ”) and subdivision 5-b (“ Leaving scene of injury to certain animals without reporting ”) may be made by a peace officer without a warrant, ‘‘ in case of either of the following violations, which in fact have been committed, though not in his presence, when he has reasonable cause to believe that the violation was committed by such person: (1) violation of subdivision five of this section if coupled with accident or collision in which such person is involved; (2) violation of subdivisions five-a or five-b of this section
The petitioner claims that his acquittal established that the alleged violation had not in fact been committed. Therefore, he concludes that the arrest, without a warrant, was unlawful, because that could only be made without a warrant under subdivision 5-c of section 70 of the Vehicle and Traffic Law, when the violation “ in fact [had] been committed ”.
*495 In effect, lie is contending that the validity of the arrest depends on the outcome of the subsequent trial. In other words, if there is a conviction, the arrest was lawful, but if there is an acquittal, the arrest was unlawful.
That argument, while ingenious, is, nevertheless, strained and tortuous.
The said subdivision must be given a reasonable interpretation.
It is my interpretation, that under said subdivision, if the offense had not been committed in the presence of the arresting officer, he could, nevertheless, make the arrest if he had “ reasonable cause to believe that the violation ” had been committed by the person arrested and that such violation was “ coupled with accident or collision in which such person [was] involved ”.
While it is a fact that the petitioner was acquitted in the trial before the Justice of the Peace, it should not be overlooked that in a trial of that type “ the court may admit evidence of the amount of alcohol in the defendant’s blood, taken within two hours of the time of the arrest, as shown by a medical or chemical analysis of his blood, urine or saliva”.
Of course, a defendant may not ‘‘ be compelled in any criminal ease to be a witness against himself ” (N. Y. Const., art. I, § 6).
The defendant was clearly within his constitutional rights in refusing to furnish any evidence against himself in the trial before the Justice of the Peace. No penalty of any nature could be inflicted upon him for such refusal.
The hearing before the Commissioner of Motor Vehicles, however, as previously pointed out, was not a criminal proceeding. It was an opportunity afforded the petitioner, by law, to be heard on the question of whether or not he was entitled to a continuation of the privilege of operating a motor vehicle upon the public highway.
One of the conditions upon which the State issued the petitioner his permit or license to operate a motor vehicle upon the public highway is set forth in section 71-a of the Vehicle and Traffic Law. This provides: “1. Any person who operates a motor vehicle or motor cycle in this state shall be deemed to have given his consent to a chemical test of his breath, blood, urine, or saliva for the purpose of determining the alcoholic content of his blood provided that such test is administered at the direction of a police officer having reasonable grounds to believe such person to have been driving in an intoxicated condition * * *. If such person having been placed under arrest and having thereafter been requested to submit to such chemical test refuses to submit to such chemical test the test shall not *496 be given but the commissioner shall revoke his license or permit to drive * * * provided, however, the commissioner shall grant such person an opportunity to be heard ’’.
In the criminal case, as I have pointed out, the petitioner could and did refuse to submit to the chemical test with impunity.
In the proceeding before the Commissioner of Motor Vehicles, however, while he may not be compelled to abide by his previous consent to submit to a chemical test, he may not refuse with impunity for in that event the statute provides that “ the commissioner shall revoke his license or permit to drive ”. and that is what occurred in this case. (See People v. Belcher, 302 N. Y. 529, 534.)
The various motions herein are decided as follows:
Petitioner’s motion to amend his petition by striking therefrom subdivisions (b), (c) and (e) is granted; his motion upon such amended petition for an order to reinstate his license is denied and the proceeding dismissed.
Submit order accordingly.