## No. 44,004

LUTHER T. MARBUT, *Appellee*, v. MOTOR VEHICLE DEPARTMENT OF THE HIGHWAY COMMISSION OF THE STATE OF KANSAS, *Appellant*.

(400 P. 2d 982)

Opinion filed April 10, 1965.

*William L. Stevenson*, of Topeka, Attorney for the Motor Vehicle Department, argued the cause, and *Robert C. Londerholm*, Attorney General, was with him on the briefs for the appellant.

*John Graue*, of Greensburg, argued the cause for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from a judgment of the district court of Kiowa County directing the restoration of a driver's license which had been suspended for refusal to take a blood alcohol test as provided by G. S. 1961 Supp., 8-1001, now K. S. A. 8-1001.

The facts material to the determination of the question raised, which are not in dispute, may be briefly stated.

On December 23, 1962, the plaintiff, Luther T. Marbut, a resident of Greensburg, was arrested by a Kansas Highway Patrolman at a point approximately one mile west of Wellsford on U. S. Highway 54 and charged with driving a motor vehicle while under the influence of intoxicating liquor. In connection with the arrest and charge plaintiff was requested by the arresting officer to submit to a chemical test to determine the alcoholic content of his blood as authorized under 8-1001, *supra*.

Plaintiff refused to submit to the chemical test and the arresting officer subsequently submitted a sworn report of the refusal to the Motor Vehicle Department of the State Highway Commission. Upon receipt of the affidavit of refusal the plaintiff's license to

drive a motor vehicle was suspended for a period not exceeding ninety days for refusal to take the test.

Thereafter, and on January 25, 1963, plaintiff was tried by the State of Kansas in the county court of Kiowa County on the charge of driving while under the influence of intoxicating liquor. At the conclusion of such trial he was found not guilty of the charge.

On March 20, 1963, an agent of the motor vehicle department heard evidence at Greensburg on the question of the surrender and revocation of plaintiff's drivers license and it was concluded that the department's order should be continued, and that his chauffeur's license should be revoked for a period of one year from February 18, 1963.

On April 26, 1963, the plaintiff, under the provisions of K. S. A. 8-259, filed his petition for hearing on appeal in the district court. In that pleading he stated substantially the facts as heretofore related and alleged further:

"Said petitioner further informs the Court that by the Statutes of the State of Kansas he is entitled to a hearing on the reasonableness of his refusal to submit to a chemical test and that the action of the Superintendent of the Motor Vehicle Department, in ordering a revocation of his license, was arbitrary, unreasonable, unwarranted, and was not justified as a matter of law or fact."

In response the defendant (state) filed an answer admitting all of the allegations of the petition except the paragraph above quoted.

With issues joined as indicated the district court heard the cause and according to its journal entry concluded as follows:

"That said petitioner, in accordance with the statutes of the State of Kansas, filed his appeal from said ruling, and said matter, as previously stated, was heard by the Court on June 19, 1963.

"The Court, having heard the testimony and having examined into the facts of the case, finds that the petitioner, and plaintiff, Luther T. Marbut, was heretofore acquitted of a charge of driving while under the influence of intoxicating liquor arising out of the arrest involved in this case, and that as a result of said acquittal the matter of the reasonableness of his failure to submit to a chemical test of his blood has become a moot question.

"Wherefore, it is by the Court considered, ordered, adjudged and decreed that the petitioner, and plaintiff, Luther T. Marbut, is entitled to have his driving privileges reinstated and that his motor vehicle operator's license should be restored to him."

Thereupon the defendant (state) perfected the instant appeal wherein it alleges, and the plaintiff concedes, the sole question involved on appellate review may be stated thus:

"Is the issue of the reasonableness for failure to submit to a chemical test under 8-1001, G. S. Kansas, 1961 Supp. [now K. S. A. 8-1001], a moot question when the person so arrested and charged with driving a motor vehicle while under the influence of an intoxicating liquor is acquitted of such charge?"

In passing it should be stated counsel for appellee presented an argument before this court but filed no brief.

After carefully reviewing the entire record submitted we are forced to agree with appellant that the trial court has misconstrued the effect and purpose of 8-1001, *supra*, providing for tests for alcoholic content in the blood. Such section is not dependent on or necessarily related to K. S. A. 8-530 which provides for criminal prosecution and puishment of a person for driving while under the influence of intoxicating liquor. The blood test may be taken with or without a criminal prosecution and prosecution may take place without a blood test being suggested. (*State v. Berry*, 183 Kan. 792, 332 P. 2d 549.)

In fact, the blood test may eliminate the necessity for a prosecution if there was at the time less than 0.15 percent by weight of alcohol in a defendant's blood. (K. S. A. 8-1005.) The blood test does as much to protect an innocent driver as it does to aid the state in the prosecution of a guilty one.

The nature of the two proceedings are entirely separate. One (8-530, *supra*) is a criminal prosecution for the violation of a criminal statute prohibiting driving while under the influence of intoxicating liquor. The other (8-1001, *supra*) is a civil proceeding to determine whether the appellee acted reasonably in refusing to submit to a blood test as a prerequisite to the privilege of using the public streets and highways.

The separate nature of the two proceedings was pointed out in *Combes v. Kelly*, (2 Misc. 2d 491), 152 N. Y. S. 2d 934, where it is said:

"The hearing before the Commissioner of Motor Vehicles, however, as previously pointed out, was not a criminal proceeding. It was an opportunity afforded the petitioner, by law, to be heard on the question of whether or not he was entitled to a continuation of the privilege of operating a motor vehicle upon the public highway." (p. 938.)

A license to operate a vehicle upon the highways is neither a contract right nor a property right. It is mere privilege the suspension of which does not deprive the individual of due process of law.

In *Lee v. State*, 187 Kan. 566 (Syl. ¶ 1.) 358 P. 2d 765, this court said and held:

"It is an elementary rule of law that the right to operate a motor vehicle upon a public street or highway is not a natural or unrestained right, but a *privilege* which is subject to reasonable regulation under the police power of the state in the interest of public safety and welfare. (5A Am. Jur., Automobiles and Highway Traffic, § 127, p. 318; 60 C. J. S., Motor Vehicles, § 146, p. 469.). . . .

. . . . . . . . . . . . .

"The use of the public highways by moter vehicles, with its consequent, dangers, renders the necessity of regulation apparent. Courts may take judicial notice of the problem, both local and national, of the drunken driver on the highways with its ever increasing toll of injuries and death. In line with many other states, Kansas, through its inherent police regulatory powers, in an effort to promote public safety and welfare, has seen fit to enact the statutes heretofore quoted or summarized—one of which, 8-1001, puts a choice to a motorist who is accused upon reasonable grounds of driving while under the influence of intoxicating liquor. In this connection see *City of Garden City v. Miller,* 181 Kan. 360, 365, 311 P. 2d 306; and *State v. Barry,* 183 Kan. 792, 797, 332 P. 2d 549.)

. . . . . . . . . . . . .

". . . Chemical tests eliminate mistakes from objective observation alone, and they disclose the truth when a driver claims that he has drunk only a little and could not be intoxicated. They protect the person who has not been drinking to excess but has an accident and has the odor of alcohol on his breath. They save a person from a drunken driving charge when his conduct creates the appearance of intoxication but who actually is suffering from other causes over which he has no control. (See *Breithaupt v. Abram,* 352 U. S. 432, 1 L. cd. 2d 448, 77 S. Ct. 408.)

"The statute does not compel one in plaintiff's position to submit to a blood test, and does not require one to 'incriminate himself' within the meaning of constitutioanl provisions. And neither is it violative of due process (*Breithaupt v. Abram,* above). It gives the driver the right of choice of the statutory suspension of his license, and further gives him the right to a hearing on the question of the reasonableness of his failure to submit to the test. Furthermore, under 8-259, above, he has the right of appeal to the district court of the county of his residence. Each of these procedures was afforded to plaintiff." (pp. 570, 571 and 572.)

We must conclude that the failure of the state to prove, beyond a reasonable doubt, that a person was driving a vehicle while under the influence of intoxicating liquor has no bearing on the question of the reasonableness of such person's refusal to submit to the requested chemical test to determine the alcoholic content of his blood.

It clearly appears that where the question has been before the courts of other states they have so held. See, e. g., *Prucha v. Department of Motor Vehicles,* 172 Neb. 415, 110 N. W. 2d 75, which reads:

"The plaintiff in his petition alleges that the revocation of his driver's license was arbitrary and capricious because he was not convicted of an offense of operating a motor vehicle under the influence in the original court. The fact of acquittal of a criminal charge of operating a motor vehicle while under the influence of alcoholic liquor does not have any bearing upon a proceeding before the director for the revocation of a driver's license under the provisions of law separate and distinct from criminal statutes." (p. 423.)

See, also, *Combes v. Kelly,* supra, and *Anderson v. Macduff* (208 Misc. 271), 143 N. Y. S. 2d 257, 259.

The only issue before the district court on appellees' petition for hearing on appeal was the same issue as was before the Motor Vehicle Department of the State Highway Commission when plaintiff refused to submit to the test, *i. e.,* "the reasonableness of his failure to submit to the test. . . ." (8-1001, *supra.*) The result of the prosecution for driving while under the influence of intoxicating liquor is not a matter to be considered at such hearing.

What has been heretofore stated and held requires a reversal of the judgment with directions to grant a new trial on the question of the reasonableness of appellee's refusal to take the blood test and proceed in accord with the views expressed in this opinion.

It is so ordered.