Oren H. ROBERTSON, Appellant,

v.

The STATE of Oklahoma, ex rel. Robert R. LESTER, Commissioner, Department of Public Safety, Appellee.

No. 45468.

Supreme Court of Oklahoma.

Sept. 26, 1972.

Foliart, Shepherd, Mills & Niemeyer, Oklahoma City, for appellant.

Leroy J. Patton, Gen. Counsel, Dept. of Public Safety, State of Oklahoma, for appellee.

HODGES, Justice.

Appellant was arrested by an officer of the Oklahoma City police department, upon reasonable grounds to believe that plaintiff was operating a motor vehicle upon the public highway while under the influence of alcohol. Immediately after arresting Appellant, the officer asked him to submit to a chemical test, either breath or blood, to determine the alcoholic content of his blood. Appellant refused the request, and was denied the opportunity to consult with counsel before deciding whether or not to submit to either test.

The driving privilege of Appellant was revoked by the Commissioner of the Department of Public Safety for a period of six months in accordance with 47 O.S.1971, § 753. A hearing before the Commissioner upon the order of revocation was requested by Appellant. The order of revocation was upheld.

The case was appealed to district court as provided by 47 O.S.1971 § 755. The trial court found the Appellant was not entitled to consult with an attorney before making his decision as to whether or not to submit to the test and that the implied consent statutes did not violate plaintiff's privilege against self-incrimination. The order of the Commissioner was affirmed.

Appellant alleges in his first proposition that the Oklahoma Implied Consent Law is unconstitutional and violates the 5th and 14th amendments of the U.S. Constitution and Article 2, §§ 7, 21 of the Oklahoma Constitution.

The pertinent statute, 47 O.S.1971 § 751 provides as follows:

Implied Consent To Chemical Test For Determining Alcoholic Content of Blood.

"Any person who operates a motor vehicle upon the public highways or streets of this state shall be deemed to have given consent subject to the provisions of this act to a chemical test or tests of his blood or breath, at the election of the person proposed to be tested, for the purpose of determining the alcoholic content of his blood. The test or tests shall be administered at the direction of a law enforcement officer after having arrested a person and having reasonable grounds to believe the person driving or in actual physical control of a motor vehicle upon the public highways was under the influence of alcohol or intoxicating liquor.

The argument that the implied consent statutes violate the due process provisions of the 14th amendment of the United States Constitution and Article 2 § 7 of the Oklahoma Constitution has been proposed in other jurisdictions and has been consistently rejected. Hunter v. State Bureau of Motor Vehicles, 25 Ohio Misc. 117, 266 N. E.2d 599, 601 (1970); Walker v. Department of Motor Vehicles, 274 Cal.App.2d 793, 79 Cal.Rptr. 433 (1969); Heer v. Department of Motor Vehicles, 252 Or. 455, 450 P. 2d 533 (1969); Blydenburg v. David, 413 S.W.2d 284 (Mo.1967); Gottschalk v. Sueppel, 258 Iowa 1173, 140 N.W.2d 866 (1966); Marbut v. Motor Vehicle Department of Highway Commission, 194 Kan. 620, 400 .P. 2d 982 (1965); Finoochairo v. Kelly, 11 N. Y.2d 58, 226 N.Y.S.2d 403, 181 N.E.2d 427 (1962); Prucha v. Department of Motor Vehicles, 172 Neb. 415, 110 N.W.2d 75 (1961).

In Oklahoma our Court of Criminal Appeals recently held the implied consent statute does not compel or violate the right of a motorist against self-incrimination, Bailey v. City of Tulsa, 491 P.2d 316 (Okl.1971).

The operation of a motor vehicle on a public highway is not a natural, absolute right, but a conditional privilege which may be granted, suspended, or revoked under the police power of the state. A driver's license is not a contract or a property right in the constitutional sense, and therefore its revocation does not constitute the taking of property. The privilege is granted to those who are qualified, who comply with reasonable police power requirements in the interest of public safety and welfare, and is withheld from those who do not. Bailey v. City of Tulsa, supra;

Deaner v. Commonwealth of Virginia, 210 Va. 285, 170 S.E.2d 199, 202 (1969); Lee v. State, 187 Kan. 566 358 P.2d 765, 769 (1961).

■ The Oklahoma Implied Consent Statute adequately and fully contain all of the necessary constitutional safeguards. The statute offers a choice to a conscious person arrested by a law enforcement officer on the basis that he had reasonable grounds to believe that the motorist had been driving or was in actual physical control of a motor vehicle while under the influence of alcohol or intoxicating liquor. An individual suspected of being in violation of the statute has the option to submit or to refuse the chemical test. No test may be taken by force. The driver may refuse to submit, but his refusal is an action for which the statute exacts a penalty.

The driver also has the right to elect either to have his blood or his breath tested, and to have a qualified person of his own choosing, administer a test or tests in addition to any administered at the direction of the law enforcement officer provided the specimen is obtained at the same time or is an aliquot of that obtained by the officer and meets the other requirements of 47 O.S.1971, § 752. This statute also provides that only a licensed medical doctor, osteopathic physician, qualified technician, technologist, or registered nurse acting at the request of a law enforcement officer may withdraw blood for purpose of determining the alcoholic content. The limitation does not apply to the taking of breath specimens. The driver is not subjected to the removal of a blood specimen by inexperienced or unqualified personnel. Chemical testing improves the competence to accurately ascertain the driver's condition and may exculpate just as decisively as it may incriminate.

" * * * Chemical tests eliminate mistakes from objective observation alone, and they disclose the truth when a driver claims that he has drunk only a little and could not be intoxicated. They pro-

tect the person who has not been drinking to excess but has an accident and has the odor of alcohol on his breath. They save a person from drunken driving charge when his conduct creates the appearance of intoxication but who actually is suffering from other causes over which he had no control." Marbut v. Motor Vehicle Dept. of Highway Commission, 194 Kan. 620, 400 P.2d 982, 985 (1965) citing Breithaupt v. Abram, 352 U.S. 432, 77 S.Ct. 408, 1 L.Ed.2d 448 (1956).

■ The Oklahoma Implied Consent Law conforms to the constitutional due process requirement by providing notice and opportunity for hearing, providing for administrative hearing subject to judicial review and applying to all licensed motorists in an identical manner.

■ The quintessence of the consent law is that by driving a motor vehicle on the public highway, the operator consents to the taking of a chemical test to determine the alcoholic content of his blood. The driver waives the constitutional privilege against self-incrimination by the act of driving on the public highways or streets of the State of Oklahoma. Bailey v. City of Tulsa, supra; State v. Kenderski, 99 N.J.Super. 224, 239 A.2d 249, 252 (1968); Prucha v. Department of Motor Vehicles, supra.

■ The purpose of the revocation or suspension is to protect the public, not to punish the licensee. However, the possibility of recision does impress upon the licensee the necessity of obeying traffic rules for the safety of the public as well as that of himself. Blow v. Commissioner of Motor Vehicles, 83 S.D. 628, 164 N.W.2d 351, 352 (1969).

We find no merit in Appellant's first proposition and conclude that the Oklahoma Implied Consent Statutes are constitutional and fundamentally sound.

Appellant contends in Proposition II that he should have been afforded the right to consult with his attorney prior to making

the decision as to whether to submit to a chemical test, and that the failure to permit him to consult counsel violated his constitutional rights.

■ The right to counsel mandated by due process of law is confined to criminal prosecutions. Finocchairo v. Kelly, 11 N.Y.2d 58, 226 N.Y.S.2d 403, 181 N.E.2d 427, 430 (1962). 370 U.S. 912, 82 S.Ct. 1259, 8 L.Ed.2d 405 (1962). The 6th Amendment of the United States Constitution in so far as is applicable provides, "In all *criminal* prosecutions, the accused shall * * * have the Assistance of Counsel for his defense." (Emphasis supplied). The Oklahoma Constitution Article 2, § 20 stipulates that "In all *criminal* prosecutions the accused * * * shall have the right to be heard by himself and be counsel." (Emphasis supplied). Neither is applicable to the administrative proceeding which results in a drivers license revocation.

■ The implied consent law is not a criminal proceeding. It is a civil administrative proceeding separate and distinct from the criminal action on a charge of driving while intoxicated. Each proceeds independently of the other. Krueger v. Fulton, 169 N.W.2d 875, 877 (Iowa 1969). The fact that in the criminal proceedings the driver is not proven beyond a reasonable doubt to have been driving while intoxicated has no bearing on civil proceedings under the implied consent statutes revoking his driver's license for refusal to submit to a chemical test. Fritts v. Department of Motor Vehicles, 6 Wash.App. 233, 492 P.2d 558, 562 (1971).

Oklahoma has a similar implied consent law to that of California. The question of right to counsel before submission to tests for alcohol has been answered repeatedly in that state. Westmoreland v. Chapman, 268 Cal.App.2d 1, 74 Cal.Rptr. 363, 365 (Cal.1968) holds as follows:

"It is now settled that in a civil proceeding for suspension of a person's driving privilege under the California Implied Consent Law, a driver does not enjoy the right to consult with counsel, or to have counsel present, before deciding to submit to the chemical tests prescribed by statute inasmuch as such tests do not violate ones right against self-incrimination. (Schmerber v. State of California, 384 U.S. 757, 760–765, 86 S.Ct. 1826, 16 L.Ed.2d 908; People v. Sudduth, 65 Cal. 2d 543, 546–547, 55 Cal.Rptr. 393, 421 P. 2d 401; United States v. Wade, 388 U.S. 218, 221, 87 S.Ct. 1926, 18 L.Ed.2d 1149)."

The majority rule is that revocation of a motorist's license to operate a motor vehicle because of his refusal to take a chemical test to determine the alcoholic content of his blood as required by the implied consent law before consultation with counsel is not a deprivation of constitutional rights. Doran v. Johns, 186 Neb. 321, 182 N.W.2d 900 (1971); Campbell v. Superior Court, 106 Ariz. 542, 479 P.2d 685, 693 (1971); Rusho v. Johns, 186 Neb. 131, 181 N.W.2d 448 (1970). The refusal of a motorist stopped by officer on reasonable suspicion of intoxication to submit to a chemical test until he contacts his attorney constitutes unequivocal refusal of test mandating suspension of operators license under Implied Consent Law. Commonwealth v. Cannon, 4 Pa.Cmwlth. 119, 286 A.2d 24, 26 (1972).

Appellant cites People v. Gursey, 22 N. Y.2d 224, 292 N.Y.S.2d 416, 419, 239 N.E.2d 351, 353 (1968), which holds that where a defendant wishes to telephone his lawyer or consult with lawyer present in situation house or immediately available thereto no danger of delay in administering drunkometer test is posed that would justify refusing the request. The opinion goes on to say, however, that there can be no recognition of an absolute right to refuse the test until a lawyer reaches the scene. At page 353 of the case, at page 419 of 292 N.Y.S.2d, at page 353 of 239 N.E.2d the court states:

"The privilege of consulting with counsel concerning the exercise of legal

rights, should not, however, extend so far as to palpably impair or nullify the statute or procedure requiring drivers to choose between taking the test or losing their licenses."

██ The implied consent statute does not sanction a qualified or conditional refusal. The statute requires a licensee to make a choice and his unwillingness to submit to test before consulting with counsel constitutes a refusal within the purview of the statute. To hold otherwise would annihilate the implied consent law and make it annullity. Blow v. Commissioner of Motor Vehicles, 83 S.D. 628, 164 N.W. 2d 354 (1969).

██ The decision to submit to a chemical test is not one which requires debate, consultation, or negotiation, but calls for a simple yes or no to the request for submission. Because of the rapidity with which the passage of time and the physiological processes tend to eliminate alcohol ingested by the body, and because of the remedial intent of the statute anything less than an unqualified consent by the licensee to the requested test constitutes a refusal to do so. A refusal by an arrested person to submit to a chemical test before consulting his attorney does not afford a reasonable ground for refusing to submit to the test under the implied consent law. State v. Pandoli, 109 N.J.Super. 1, 262 A.2d 41, 42 (1970); Metschke v. Department of Motor Vehicles, 186 Neb. 197, 181 N.W.2d 843, 844 (1970).

We agree with the Virginia Court which made the following statement in Deaner v. Commonwealth, 210 Va. 285, 170 S.E.2d 199, 204 (Va.1969):

"For this court to uphold the contention of defendant that his right to consult counsel before refusing or taking the test is a constitutional right, would virtually nullify the Implied Consent Law. * * * Manifestly this would frustrate the intent and object of the law

and perpetuate the evil it seeks to correct."

██ The legislature has the authority to order revocation of driver's license for refusal to submit to chemical testing for alcoholic content, just as it does in many other instances when drivers do not meet or comply with the driving standards prescribed by the statutes.

47 O.S.1971 § 753 provides:

Refusal to submit to test.

"If a conscious person under arrest refuses to submit to chemical testing, none shall be given, but the Oklahoma Commissioner of Public Safety, upon the receipt of a sworn report of the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways while under the influence of alcohol or intoxicating liquor, and that the person had refused to submit to the test or tests, shall revoke his license to drive and any nonresident operating privilege for a period of six months; or if the person is a resident without a license or permit to operate a motor vehicle in this state, the Oklahoma Commissioner of Public Safety shall deny to the person the issuance of a license or permit for a period of six months after the date of the alleged violation, subject to review as thereinafter provided."

██ A conscious driver has the choice of either submitting to the chemical test or refusing, and as the result of refusal having his license to drive revoked for a period of six months, subject to his right of hearing before the Oklahoma Commissioner of Public Safety and appeal to the district court, as provided by 47 O.S.1971, §§ 754, 755. When the conditions imposed by statute, are present, the duty of the Commissioner becomes totally ministerial and mandatory.

The judgment of the district court sustaining the Order of Revocation of Appellant's driver's license for six months is affirmed.

BERRY, C. J., and WILLIAMS, JACKSON, IRWIN, LAVENDER and BARNES, concur.

DAVISON, V. C. J., absent.