**Brad P. WEBSTER, Appellee,**

v.

**STATE of Oklahoma, ex rel., DEPARTMENT OF PUBLIC SAFETY, Appellant.**

**No. 81059.**

Court of Appeals of Oklahoma, Division No. 3.

April 13, 1993.

Rehearing Denied May 18, 1993.

Certiorari Denied Sept. 13, 1993.

Blair Easley, Jr., Oklahoma City, for appellant.

Joe Farnan, Michael L. Gardner, Purcell, for appellee.

## OPINION

HANSEN, Chief Judge:

The Department of Public Safety (DPS) appeals a decision of the trial court setting aside Brad Webster's driver's license revocation. We reverse.

After a lawful arrest, DPS revoked Webster's driver's license because the result of a blood alcohol test showed an alcohol concentration of 0.10 or more. It is undisputed the arresting officer read the following advisory to Webster.

> You have been arrested and the arresting officer has reasonable grounds to believe that you were driving or in actual physical control of a motor vehicle while under the influence of intoxicants.
>
> You are required to submit to a test or tests for the purpose of determining in the presence and concentration of intoxicants in your body.
>
> The test will be a breath test and will be administered at no cost to you.
>
> In addition to this test, you may at your own expense have an additional test of your choice provided that a sufficient quantity of any specimen obtained shall be available to the State for testing.
>
> You are not entitled to consult an attorney prior to making your decision on whether or not to submit to the State's test.
>
> You may refuse the State's test, but as a consequence, your driver's license will be revoked for 90 days or more by the Department of Public Safety.
>
> Will you take the State's test?

Webster agreed to take a blood test. He was administered the blood test which showed an alcohol content above 0.10. In his petition filed in District Court, Webster argued he was denied due process and equal protection because the arresting officer failed to advise him that under 20 O.S. 1991 § 1313.2 he would be charged $150.00 for the blood test if he was convicted of DUI. The trial court agreed and set aside the revocation.

Title 20 O.S.1991 § 1313.2(C) provides: Any person convicted of any misdemeanor or felony offense shall pay a Laboratory Analysis Fee in the amount of One Hundred Fifty Dollars ($150.00) for each offense if forensic science or laboratory services are rendered or administered by the Oklahoma State Bureau of Investigation by the Toxicology laboratory of the Office of the Chief Medical Examiner or by any municipality or county in connection with the case.

Webster argues arrested individuals who are given a breath test are treated differently because they would be exempt from the $150.00 fee. He claims the officer misled him. Although Webster states in his brief that the arresting officer said Webster would have to take the blood test, and that it would be administered at no

cost to him, there is no transcript and no evidence of this in the record. Regardless, we fail to see why any assessment of costs to Webster arising out of a *criminal conviction* has any bearing on revocation of his driver's license. The implied consent law is not a criminal proceeding. It is a civil administrative proceeding separate and distinct from the criminal action on a charge of driving while intoxicated. Each proceeds independently of the other. *Robertson v. State,* 501 P.2d 1099 (Okla.1972). The conviction or acquittal of a defendant in the criminal matter has no bearing on the civil proceeding revoking his driver's license under the implied consent statute. *Marquardt v. Webb,* 545 P.2d 769 (Okla. 1976). Under § 1313.2, fees are only imposed after a criminal conviction. If Webster is not convicted he is not subject to the fee. The trial court clearly erred in finding Webster was not given due process and equal protection under the law.

Accordingly, the judgment is REVERSED and the cause REMANDED for further proceedings consistent with this opinion.

BAILEY, P.J., and HUNTER, J., concur.