**James Foster KANE, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. M–95–765.

Court of Criminal Appeals of Oklahoma.

April 12, 1996.

1111111111111111111111111111111111111

## ACCELERATED DOCKET ORDER

Appellant, James Foster Kane, was convicted of one count of misdemeanor Driving Under the Influence of Alcohol (hereinafter DUI) (47 O.S.Supp.1993, § 11–902) in a nonjury trial in the District Court of Rogers County, Case No. CM–94–272, the Honorable David Allen Box, Special Judge, presiding. The trial court found there was sufficient evidence for a finding of guilt, but deferred that finding for one year until February 3, 1996.[1] The trial court ordered Appellant to pay a $500.00 fine, $250.00 in court costs, to attend DUI school and a Victim Impact Panel and to spend thirty (30) days in the Rogers County Jail.[2] From this Judgment and Sentence, Appellant appeals.[3]

### I.

On May 29, 1994 at approximately 11:25 a.m. Officer Choate arrested Appellant after Appellant was involved in an automobile accident. Officer Choate noted a strong odor of alcohol on Appellant's breath and that Appellant had blood shot eyes and slurred speech. According to the Official Oklahoma Traffic Collision Report, Appellant had a 0.13% breath alcohol concentration.[4]

### II.

This Court is asked to decide whether allowing the State to punish Appellant through criminal prosecution for DUI after administratively revoking his driver's license results in multiple punishment thereby exposing Appellant to double jeopardy. We

1. O.R. at 37.

2. O.R. at 37, 59.

3. Appellant originally filed with this Court a brief containing four propositions of error. Appellant then requested and was granted permission to pursue his appeal through this Court's accelerated docket procedure. See Rules 11.1–11.5, *Rules*

*of the Court of Criminal Appeals*, 22 O.S.Supp. 1994, Ch. 18, App. In his accelerated docket application, Appellant raised one proposition which basically encompassed the four propositions raised in his original brief.

4. O.R. at 7.

find double jeopardy is not implicated by this process because an administrative driver's license revocation procedure pursuant to the implied consent statutes (47 O.S.1991, §§ 751–761) does not constitute "punishment" for purposes of the Double Jeopardy Clause. *Price v. Reed*, 725 P.2d 1254, 1259 (Okl.1986) (holding administrative revocation procedure does not constitute "punishment" for purposes of the Double Jeopardy Clause).

Appellant was arrested on May 29, 1994, in Rogers County on suspicion of driving while under ·the influence of alcohol. Appellant voluntarily submitted to a breath test which showed the alcohol concentration in his blood was 0.13% which is above the legal limit of 0.10. *See* 47 O.S.Supp.1993, § 11–902(A)(1). After failing the breath test, Appellant surrendered his license in accordance with 47 O.S.Supp.1993, § 754. The arresting officer issued Appellant a document entitled "Officer's Affidavit and Notice of Revocation/Disqualification" (hereinafter Notice). The Notice advised Appellant that the Department of Public Safety was required to revoke or deny his driving privilege effective thirty (30) days from the date Appellant received the Notice. Because Appellant did not request a hearing within fifteen (15) days of receiving the Notice, the revocation was deemed sustained, 47 O.S.Supp.1993, § 754(D), and Appellant's license was revoked for one-hundred-eighty (180) days. 47 O.S.Supp.1993, §§ 754(C) and 6–205.1(a)(2).

The State also filed criminal charges against Appellant pursuant to 47 O.S.Supp. 1993, § 11–902, for driving under the influence of alcohol. Both prior to and after trial Appellant moved to dismiss the criminal charge of driving under the influence on the grounds of double jeopardy. He maintained that he had already been subjected to punishment by the administrative suspension of his driver's license. Thus, he argued, the criminal charge exposed him to multiple punishment in violation of the double jeopardy

clauses in the Fifth Amendment of the United States Constitution and Article 2, Section 21 of the Oklahoma Constitution. The trial court overruled Appellant's motions.

◼◼◼ The Double Jeopardy Clause[5] protects an accused from three abuses: "a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 1898, 104 L.Ed.2d 487, 496 (1989). *See also Price*, 725 P.2d at 1257. We, of course, are dealing with the third prong involving multiple punishments for the same offense. Although this is a question of first impression for this Court, the Oklahoma Supreme Court addressed this issue in *Price* and held that the administrative revocation of one's driver's license does not constitute punishment for purposes of double jeopardy. *Price*, 725 P.2d at 1259. Appellant argues the holding in *Price*, 725 P.2d at 1259–60 is now flawed and asks this Court to review this issue in light of two Supreme Court decisions. *Department of Revenue v. Kurth Ranch*, 511 U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994); *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989).

Although we have not been presented with this issue, many states have addressed this issue since *Halper* and *Kurth Ranch* and concluded, as in *Price*, that the Double Jeopardy Clause is not violated when the State administratively revokes an accused's driver's license for driving under the influence and also convicts him of a criminal charge. *See State v. Hansen*, 249 Neb. 177, 542 N.W.2d 424 (1996); *State v. Hanson*, 543 N.W.2d 84 (Minn.1996); *State v. Arbon*, 909 P.2d 1270 (Utah App.1996); *State v. Hickam*, 235 Conn. 614, 668 A.2d 1321 (1995); *State v. Mertz*, 258 Kan. 745, 907 P.2d 847 (1995); *State v. McGill*, 1995 WL 790995 (Del.Super.

**5.** The Fifth Amendment provides in pertinent part "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V. The Oklahoma Constitution provides "[n]or shall any person be twice put in jeopardy of life or liberty for the same offense." Okla. Const. art. 2, § 21. Due to the similarity of the Federal and Okla-

homa Double Jeopardy Clauses, this Court construes and interprets Oklahoma's Double Jeopardy Clause as providing the same protections offered by the federal clause. *Edwards v. State*, 815 P.2d 670, 672 (Okl.Cr.1991). Consequently, in the context of this case, the analysis is identical for both the United States and Oklahoma clauses.

Nov. 30, 1995); *Luk v. Commonwealth,* 421 Mass. 415, 658 N.E.2d 664 (1995); *State v. Talavera,* 127 Idaho 700, 905 P.2d 633 (1995); *State v. Zimmerman,* 539 N.W.2d 49 (N.D. 1995); *Tench v. Commonwealth,* 21 Va.App. 200, 462 S.E.2d 922 (1995); *State ex rel. Schwartz v. Kennedy,* 120 N.M. 619, 904 P.2d 1044 (1995); *State v. Jones,* 340 Md. 235, 666 A.2d 128 (Md.1995); *State v. Toyomura,* 80 Hawaii 8, 904 P.2d 893 (1995); *State/City of Hilliard v. Elfrink,* 1995 WL 584350 (Ohio App. 10 Dist.1995); *Nolen v. State,* 218 Ga. App. 819, 463 S.E.2d 504 (1995); *State v. Parker,* 538 N.W.2d 141 (Minn.App.1995); *State v. Fox,* 1995 WL 559000 (Conn.Super.1995); *People v. McLees,* 166 Misc.2d 260, 631 N.Y.S.2d 990 (1995); *Baldwin v. Department of Motor Vehicles,* 35 Cal. App.4th 1630, 42 Cal.Rptr.2d 422 (Cal.App. 1 Dist.1995); *State v. Schwander,* 1995 WL 413248 (Del.Super.1995); *State v. Savard,* 659 A.2d 1265 (Me.1995); *State v. Higa,* 79 Hawaii 1, 897 P.2d 928 (1995); *State v. Young,* 3 Neb.App. 539, 530 N.W.2d 269 (1995).

■ In *Kennedy,* 904 P.2d at 1051–60, the court thoroughly analyzed the multiple punishment issue currently before this Court in light of *Halper* and *Kurth Ranch.* The *Kennedy* court found that license revocation would constitute multiple punishment if: (1) the State subjected the defendant to separate proceedings; (2) the conduct precipitating the separate proceedings consisted of one offense; and (3) the penalties in each of the proceedings could be considered "punishment" for purposes of the Double Jeopardy Clause. *Kennedy,* 904 P.2d at 1051. We agree and find that double jeopardy is invocable here only if the license revocation action was a *separate* proceeding which *punished* Appellant for the *same* offense as the criminal prosecution.

Administrative revocation proceedings and criminal prosecutions are separate proceedings in Oklahoma. *Price,* 725 P.2d at 1259; *Kennedy,* 904 P.2d at 1051. Typically, the administrative revocation proceeding and the criminal prosecution are parallel actions. The administrative civil action is pursued independently of the criminal prosecution and the two actions are tried at different times before different factfinders and the actions are resolved by separate judgments.[6] The criminal prosecution exacts a personal penalty from a convicted defendant in the form of a fine or incarceration[7] while the license revocation proceeding addresses an individual's continued fitness to hold a license. *Price,* 725 P.2d at 1259. Accordingly, for purposes of double jeopardy analysis, criminal prosecutions for driving under the influence are separate proceedings from administrative license revocation actions.

■ To determine whether the conduct precipitating the revocation proceeding and the criminal prosecution consists of one offense or two offenses, the *Kennedy* court applied the *Blockburger* test.[8] If two statutes require proof of an element not contained in each other, the offenses are two separate crimes and double jeopardy does not bar multiple punishment. *Kennedy,* 904 P.2d at 1052. Pursuant to 47 O.S.Supp.1993, § 754(C), the Commissioner of Public Safety shall revoke the driver's license of an accused upon receipt of a written breath test report reflecting that the arrested person had an alcohol concentration of ten-hundredths (0.10) or more accompanied by a sworn report from a law enforcement officer that he had reasonable grounds to believe the arrested person had been driving while under the influence of alcohol. The DUI statute, 47 O.S.Supp.1993, § 11–902(A)(1), provides that a person may be convicted of driving while under the influence of alcohol if the person is shown to have operated a motor vehicle and

**6.** Title 47 O.S.Supp.1993, § 755(A), provides that a licensee whose license has been revoked may appeal to the district court and ask that the revocation be modified in cases of extreme hardship.

**7.** The penalties provided for misdemeanor DUI are: ten (10) days to one (1) year in the county jail; a fine of not more than one thousand dollars

($1,000.00); and compulsory attendance at a victim impact panel. 47 O.S.Supp.1993, § 11–902(C) and (I).

**8.** *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) (whether each statutory offense requires proof of an element the other does not).

had a breath alcohol concentration of ten-hundredths (0.10) or more. The elements of these two offenses are identical.

Finding that the actions are separate and that the criminal prosecution of DUI is based on the same offense underlying the driver's license revocation, we must decide whether license revocation constitutes punishment in light of *Halper* and *Kurth Ranch*. In *Halper*, 490 U.S. at 446, 109 S.Ct. at 1900, the Supreme Court addressed "whether and under what circumstances a civil penalty may constitute punishment for the purposes of the Double Jeopardy Clause." The *Halper* Court explained:

This constitutional [double jeopardy] protection is intrinsically personal. Its violation can be identified only by assessing the character of the actual sanctions imposed on the individual by the machinery of the state.

In making this assessment, the labels "criminal" and "civil" are not of paramount importance. It is commonly understood that civil proceedings may advance punitive as well as remedial goals, and, conversely, that both punitive and remedial goals may be served by criminal penalties.... To that end, the determination whether a given civil sanction constitutes punishment in the relevant sense requires a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve. Simply put, a civil as well as criminal sanction constitutes punishment when the sanction as applied in the individual case serves the goals of punishment.

These goals are familiar. We have recognized in other contexts that punishment serves the twin aims of retribution and deterrence.... From these premises, it follows that a civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment.... We therefore hold that under the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second

sanction may not fairly be characterized as remedial, but only as a deterrent or retribution. (citations and footnotes omitted)

*Halper*, 490 U.S. at 447–49, 109 S.Ct. at 1901–02.

In *Halper*, the manager of a medical services provider company presented sixty-five (65) false claims to Medicare which caused the government to overpay the provider $585. *Halper*, 490 U.S. at 437, 109 S.Ct. at 1895–96. The manager was convicted of sixty-five (65) counts of filing false claims, 18 U.S.C. § 287 (1988), was sentenced to two years imprisonment and a fine of $5,000.00. *Id.* The government then filed suit against the manager under a similar civil false claims statute, 31 U.S.C. §§ 3729–3731 (1982 & Supp. II 1984), seeking fines of $2,000.00 per count, i.e. $130,000.00. *Id.* at 438, 109 S.Ct. at 1896. The *Halper* court found the $130,-000.00 penalty was "a sanction overwhelmingly disproportionate to the damages" caused by the manager's filing of false claims since the penalty bore "no rational relation to the goal of compensating the government for its loss." *Id.* at 449, 452, 109 S.Ct. at 1902, 1903. The *Halper* court acknowledged its rule was one for the rare case and the inquiry would not be an exact pursuit. *Id.* at 449, 109 S.Ct. at 1092.

In *Kurth Ranch*, 511 U.S. at ——, 114 S.Ct. at 1948, the Court held that Montana's drug tax constituted a second punishment under the Double Jeopardy Clause. The Montana Department of Revenue attempted to collect almost $900,000.00 in taxes on marijuana plants, harvested marijuana, hash tar and hash oil, interest, and penalties. *Id.* at ——, 114 S.Ct. at 1942. The Court focused its inquiry on whether Montana's drug tax had punitive characteristics that subjected it to the constraints of the Double Jeopardy Clause. *Id.* at ——, 114 S.Ct. at 1945. The Court found the tax punitive because of its high rate, its deterrent intent, its conditioning upon the commission of a crime, and its levy on goods that the taxpayer neither owned nor possessed when the tax was imposed. The Court concluded that the tax, imposed on criminals and no others, departed so far from normal revenue laws that it constituted punishment. *Id.* at ——, 114

S.Ct. at 1946–48. The Court concluded that the *Halper* method of determining whether the exaction was remedial or punitive did not work in the case of a tax statute. *Id.* at ——, 114 S.Ct. at 1948.

■■■■ Just as the *Halper* method was inappropriate when reviewing tax statutes, it is likewise inappropriate to determine whether a nonmonetary civil penalty such as license revocation is punishment. *Kennedy*, 904 P.2d at 1055. Although *Halper* does not apply, its principles are instructive. *Id.* To determine whether the revocation of a driver's license is punishment for double jeopardy purposes, one must review the purposes the revocation serves. *Id.* If the revocation may be fairly characterized only as a deterrent or as retribution, then it is punishment. If the revocation may be fairly characterized as remedial, then it is not punishment for double jeopardy purposes. *Id.* In order to ascertain whether license revocation is punitive, this Court must look at the purposes that the revocation serves rather than the effect of the revocation on a defendant. *Id.* at 1056. *See also Kurth Ranch*, 511 U.S. at —— n. 14, 114 S.Ct. at 1945 n. 14 (*quoting Halper*, 490 U.S. at 447 n. 7, 109 S.Ct. at 1901 n. 7).

■■■■ The Oklahoma state government regulates the activity of driving on the state's highways in the interest of the public's safety and general welfare. "The operation of a motor vehicle on a public highway is not a natural, absolute right, but a conditional privilege which may be granted, suspended, or revoked under the police power of the state." *Robertson v. State ex rel. Lester*, 501 P.2d 1099, 1101 (Okl.1972) *See also Carl v. State*, 909 P.2d 1196 (Okl.App.1995). A driver's license is not a contract or a property right. *Robertson*, 501 P.2d at 1101. Moreover, "[t]he privilege is granted to those who are qualified, who comply with reasonable police power requirements in the interest of public safety and welfare, and is withheld from those who do not." *Id.*

Suspension of an individual's license to drive based on the failure of a chemical test for blood alcohol content serves the legitimate nonpunitive purpose of protecting the public from the dangers presented by drunk drivers and helps enforce regulatory compliance with the laws governing the licensed activity of driving. *Kennedy*, 904 P.2d at 1057 and cases cited therein. By revoking a conditionally granted license because of noncompliance with the conditions governing its issuance, the government protects the public from licensees who are unfit to participate in the regulated activity. *Id.* at 1056 and cases cited therein. As the *Price* court stated, "[t]he state's interest [in license revocation] is to foster safety by temporarily removing from public thoroughfares those licensees who have exhibited dangerous or erratic behavior." *Price*, 725 P.2d at 1260. Because the administrative driver's license revocation provision of the implied consent statutes may be fairly characterized as remedial, license revocation is not punishment for purposes of the Double Jeopardy Clause. *Id.* at 1259. Accordingly, we hold that Appellant was not subjected to double jeopardy because the administrative revocation of one's driver's license does not constitute "punishment" for purposes of the Double Jeopardy Clause.

IT IS SO ORDERED.

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Presiding Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Judge

/s/ James F. Lane
JAMES F. LANE,
Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR,
Judge