No. 44,489

ELMER E. BECKLEY, *Appellee*, v. MOTOR VEHICLE DEPARTMENT OF THE STATE HIGHWAY COMMISSION OF KANSAS, *Appellant*.

(416 P. 2d 750)

Opinion filed July 14, 1966.

*John W. Cooper*, of Topeka, argued the cause, and *Robert C. Londerholm*, Attorney General, and *William L. Stevenson*, of Topeka, were with him on the brief for the appellant.

*J. John Marshall*, of Pittsburg, was on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal perfected by the Motor Vehicle Department of the State Highway Commission of Kansas from an order of the district court of Crawford County, Kansas, modifying the Department's order, revoking the appellee's driving privileges, by suspending the appellee's driver's license for a period of thirty days.

The question is whether the district court has authority under K. S. A. 8-259 to modify the order of the Motor Vehicle Department revoking a driver's license when, after a hearing, the court finds the licensee did not have reasonable grounds for refusal to submit to a blood alcohol test.

The facts giving rise to this case may be briefly stated as follows:

On the 8th day of October, 1964, the Motor Vehicle Department received an affidavit from an officer that he had reasonable grounds to arrest Elmer E. Beckley (plaintiff-appellee) for driving under the influence of intoxicating liquor, and that the appellee refused to submit to a chemical test as required by K. S. A. 8-1001 when requested by the officer to do so.

Pursuant to 8-1001, *supra,* the Department on October 16, 1964, suspended the appellee's license to drive a motor vehicle for a period of ninety days and requested him to surrender his license. On the 3rd day of November, 1964, the appellee surrendered his license.

Upon the appellee's request a hearing was conducted at Pittsburg, Kansas, on the 12th day of November, 1964, and at such hearing the suspension order was sustained by a finding that the appellee did not have reasonable grounds for refusing to take the blood test after being requested to do so by the arresting officer.

Thereafter the Department on the 17th day of November, 1964, revoked the driver's license of the appellee for a period of one year from the date of surrender. (See, K. S. A. 8-256.)

On the 24th day of November, 1964, the appellee filed a petition appealing to the district court of Crawford County from the Department's order of revocation, pursuant to K. S. A. 8-259. Upon the filing of such petition in the district court an order was granted staying the revocation until the final determination of the matter in court.

The journal entry discloses the matter was tried on the 12th day of April, 1965, in the district court, which made findings of fact and entered judgment as follows:

". . . that on October 3, 1964, the arresting officer of the plaintiff had reasonable grounds to request the plaintiff to submit to a chemical test to determine whether or not the plaintiff was under the influence of intoxicating liquor; that the plaintiff refused to submit to said test and at that time, the plaintiff did not have reasonable ground for refusal to take the said test.

"This Court therefore finds in favor of defendant, Motor Vehicle Department. The Court further finds that the order staying the revocation of plaintiff's license pending trial herein should be modified to a suspension of plaintiff's license for a period of thirty (30) days, less the time the plaintiff's drivers license was surrendered, which the Court finds to be a period of ten (10) days.

"It is therefore by the Court ordered that the order staying revocation of plaintiff's license pending trial herein is set aside; that the said revocation be modified to a suspension of plaintiff's drivers license for a period of thirty (30) days, less the time the license was suspended, which was ten (10) days. It is further ordered that plaintiff pay the costs of this action."

Simply stated, the only question presented on appeal is whether the district court had authority to modify the Motor Vehicle Department's order of revocation.

Here the proceedings before the Motor Vehicle Department were initiated pursuant to K. S. A. 8-1002, the constitutional validity of which has been upheld in *Lee v. State*, 187 Kan. 566, 358 P. 2d 765. (Under the attorney general's ruling [61-35, dated February 20, 1961], the Motor Vehicle Department is required to revoke an operator's license, if the licensee fails to show reasonable grounds for refusing to take a chemical test under 8-1001, *supra*. [10 Kan. L. Rev. 489; and 30 J. B. K. 140.]) Appeal was perfected to the district court by petition pursuant to K. S. A. 8-259, and this statute withstood constitutional challenge in *Lira v. Billings*, 196 Kan. 726, 414 P. 2d 13, where both of the foregoing statutes are set forth and discussed. In *Lira* the trial court held administrative duties were imposed upon the district court in violation of the doctrine of separation of powers of the Kansas Constitution. This court reversed, holding the only issue before a district court on a hearing on appeal pursuant to K. S. A. 8-259 (*a*) by a petitioner whose driver's license has been suspended or revoked, because of his refusal to submit to a chemical test to determine the alcoholic content of his blood, pursuant to K. S. A. 8-1001, is the reasonableness of the petitioner's failure to submit to such test; and the statute when so invoked was not a violation of the doctrine of separation of powers inherent in the Kansas Constitution. The court said the legislative power was exercised when the legislature provided for a review in the district court, the particular scope of review being within the legislative competence *so long as it is judicial in nature.* In the opinion the court said:

"We state at the outset, and for reasons which should become apparent, that we limit this determination to appeals from suspension and revocation orders based on refusal to submit to chemical tests for blood alcohol content pursuant to K. S. A. 8-1001. The statute calls for a trial *de novo* with a further provision that the licensee has the right of trial by jury upon demand therefor. This statute has been interpreted by this court as meaning that the only issue before a district court on such an appeal is the reasonableness of the failure of the petitioner to submit to the chemical test (*Marbut v. Motor Vehicle Department*, 194 Kan. 620, 400 P. 2d 982)." (p. 730.)

On this point the court held:

". . . K. S. A. 8-259 (*a*) requires a trial *de novo* of the particular question at issue, governed by the rules applicable to civil proceedings in district court, with the burden of proof on petitioner as the one seeking

affirmative relief, and further, the exercise by the court of an independent judgment, with right of trial by jury under appropriate instructions if demanded by petitioner." (p. 731.)

The *Lira* case was limited to the facts there confronting the court, and did not present the point here at issue.

The portions of K. S. A. 8-259 (*a*) here material read:

"*Any person* denied a license or *whose license has been canceled, suspended, or revoked by the department* except where such revocation is mandatory under the provision of section 8-254 of the General Statutes Supplement of 1961 or any amendments thereto *shall have the right to file a petition* within sixty (60) days thereafter *for a hearing* in the matter *in the district court* in the county wherein such person shall reside, *and such court is hereby vested with jurisdiction,* and it shall be its duty to set the matter for hearing upon ten (10) days' written notice to the department, and thereupon *to take testimony and examine into the facts of the case, and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation, or revocation of license under the provisions of this act:* . . . *Provided further, The trial on appeal as herein provided for shall be a trial de novo and the licensee shall have the right of trial by jury upon demand therefor: Provided further,* The court having jurisdiction of said appeal, on proper application being made, *may order a stay* of any suspension or revocation pending final judgment, . . ." (Emphasis added.)

The question under the foregoing statute on the facts here confronting the court is whether the legislature intended to restrict the appeal to the factual issue—the reasonableness of the petitioner's failure to submit to a chemical test to determine the alcoholic content of his blood—or whether it intended that the court in making the determination should also have authority to determine the extent to which the licensee's driving privileges should be curtailed.

Language throughout the drivers' license act refers to cancellation, suspension or revocation *by the department,* referring to the Motor Vehicle Department of the State Highway Commission of Kansas. This is indicated by the first few lines in 8-259 (*a*), *supra;* by K. S. A. 8-256 where the legislature has expressly prescribed the maximum period of one year when the Motor Vehicle Department is authorized to suspend or revoke a license; by K. S. A. 8-234 (*r*) defining *suspension,* which reads:

". . . The temporary withdrawal *by formal action of the department* of a person's driver's license or privilege to operate a motor vehicle on the public highways, which temporary withdrawal shall be *for a period specifically designated by the department.*" (Emphasis added.)

and by the provisions of K. S. A. 8-234 (*q*) defining revocation as follows:

". . . The termination *by formal action of the department* of a person's driver's license or privilege to operate a motor vehicle on the public highways, which termination shall not be subject to renewal or restoration except that an application for a new license may be presented and acted upon *by the department* after the expiration of at least one year after the date of revocation." (Emphasis added.)

In contrast, the language in 8-259 (*a*), *supra,* heretofore quoted, clearly states that the district court shall determine whether the petitioner is entitled to a license *or is subject* to suspension, cancellation or revocation of his license *under the provisions of the act.* Whether the petitioner's license is subject to suspension, cancellation or revocation is a question that must be answered by the court *either affirmatively,* in which case it should sustain the revocation order of the Department, *or negatively,* in which case it should reverse the revocation order and direct a reinstatement of the license. The order entered by the court below failed to adopt either of these alternatives and therefore went beyond the limits of jurisdiction conferred upon it by the statute. (See, *Anen Motor Vehicle Op. Lic. Case,* 194 Pa. Super. Ct. 379, 169 A. 2d 600 and *Commonwealth, Appellant, v. Garman,* 361 Pa. 643, 66 A. 2d 271.)

It is to be noted there is no express provision in 8-259, *supra,* which would indicate that the court should determine the extent to which the licensee's driving privileges should be curtailed. Assuming the statute could be construed to confer such authority upon the district court, then no guidelines are set forth in the statute for the court to follow as to the maximum period of suspension or revocation, whereas the legislature has expressly prescribed the maximum period of one year in 8-256 (*a*), *supra,* where the Motor Vehicle Department is authorized to suspend or revoke a license. If the district court were permitted to determine the length of the suspension or revocation of driving privileges, conceivably it could be for thirty days, ninety days, one year, five years, and so on, whereas the legislature has expressly said the Motor Vehicle Department may suspend a license for no longer than one year. (See, *Texas Department of Public Safety v. King,* 366 S. W. 2d 215 [Tex. 1963].)

The foregoing observations all lend credence to a construction that the legislature intended by the *de novo* provision in 8-259 (*a*) to limit the district court to a judicial determination of the factual basis upon which the action of the Department is predicated.

Another point upholding this construction is the language in 8-259

(a) which says the *decision of the department may be stayed pending final judgment.*

The necessary inference is that if the fault of the licensee is sustained on appeal, the suspension or revocation order of the Department thereupon becomes effective. Thus, the order of the Motor Vehicle Department is not nullified or rendered void; it is merely suspended or held in abeyance until the court makes a final determination of the factual basis upon which the action of the Department is predicated.

The appellee relies upon K. S. A. 60-2101. It provides in part:

"(a) *District courts.* A judgment rendered or final order made by a court or any other tribunal, board or officer exercising judicial or quasi-judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court. . . ."

The foregoing statute is not applicable to the case at bar for two reasons: First, 8-259, *supra,* is the statutory provisions for perfecting an appeal from the Motor Vehicle Department's order, and 60-2101, *supra,* does not apply if another means for perfecting an appeal exists. Second, it is generally held that the licensing and suspension, cancellation or revocation of licenses are administrative acts, not judicial.

Ordinarily an appeal authorized from a determination by an administrative agency to a district court is based upon the record made before the administrative tribunal, but the *de novo* provision changed this on the matter here involved. In *Lira* it was recognized that the discretion of a court is not to be substituted for the discretion of an administrative agency, and further that the business of licensing is generally to be regarded as an administrative function. The court further said it was not disposed to commit courts to the business of licensing.

If the courts were permitted to modify the suspension or revocation of a driver's license ordered by the Motor Vehicle Department by either enlarging or reducing the period, the effectiveness of the administrative body would be destroyed. The administrative body would make initial recommendations to the court, which would rehear the matter and finally determine the length of the suspension or revocation. This could result in confusion, reduplication of effort, and inconsistent penalties administered over the state. The Motor Vehicle Department was initially set up for the purpose of avoiding such problems.

We hold the only issue before the district court on the appellee's

petition for hearing on appeal was the reasonableness of the appellee's failure to submit to the chemical test. This question was determined at a trial *de novo* governed by the rules applicable to civil proceedings in district courts. The petitioner failed to sustain the burden of proof, and the court exercised independent judgment in the determination of this question upon the absence of a demand for a jury by the petitioner. The statute, however, did not authorize the district court to modify or change the order of the Motor Vehicle Department revoking the license. On the facts in this case the district court, after finding that the licensee's refusal to submit to the chemical test was not reasonable, had no alternative but to find that the licensee was subject to the order of revocation issued by the Motor Vehicle Department.

The judgment of the lower court is reversed.