(264 P.3d 1050)
No. 105,353

JOSEPH TURNER, *Appellee*, v. KANSAS DEPARTMENT OF REVENUE, *Appellant*.

Opinion filed November 10, 2011.

*Donald J. Cooper*, of Legal Services Bureau, Kansas Department of Revenue, for appellant.

*Jack Sheahon*, of Salina, for appellee.

Before GREEN, P.J., MALONE and MCANANY, JJ.

MALONE, J.: The Kansas Department of Revenue (Department) appeals the district court's decision modifying the administrative suspension of Joseph Turner's driver's license by making the suspension order retroactive. The Department argues that the district court lacked statutory authority to modify the suspension of Turner's driver's license. Turner does not refute the Department's argument, but he claims the district court should have dismissed the administrative proceeding because Turner was denied due process as a result of the administrative hearing officer's delay in issuing a decision. For the reasons set forth herein, we reverse and remand with directions for the district court to reinstate the administrative suspension order without modification.

In the early morning hours of February 14, 2009, Officer Crystal Gile initiated a traffic stop after observing a vehicle cross the center line. When Gile approached the vehicle, she noticed that the driver, Turner, had a moderate odor of alcohol coming from his person and his eyes were bloodshot. Turner eventually admitted that he had consumed two beers and two alcoholic drinks before driving. Turner performed field sobriety tests, and he exhibited five clues on the walk-and-turn test and one clue on the one-leg-stand test. Turner refused to take the preliminary breath test. Gile arrested Turner for driving under the influence of alcohol and transported him to the Saline County jail. Turner agreed to take a breathalyzer test and the result was .151. Gile provided Turner with the DC-27 form, which notified Turner of his 1-year driver's license suspension for a breath test failure and served as his temporary license throughout the appeal process.

On February 17, 2009, Turner requested an administrative hearing of his driver's license suspension. The hearing was held on July 31, 2009, and the primary issue was whether Gile had reasonable grounds to believe Turner was operating his vehicle while under the influence of alcohol. After hearing the evidence, the hearing officer took the matter under advisement. The administrative order affirming Turner's driver's license suspension was issued nearly 9 months later, on April 16, 2010, and received by Turner on April

19, 2010. Turner filed a timely petition for judicial review of the administrative order. One of the grounds for relief in the petition was that Turner had been prejudiced as a result of the delay by the hearing officer in rendering a decision.

At the hearing before the district court on November 12, 2010, the parties presented evidence on whether Giles had reasonable grounds to request Turner to submit to a breathalyzer test. Turner also testified he was prejudiced by the delay in receiving notification of the administrative decision. Turner admitted he was using the DC-27 as his temporary driver's license, but he claimed not knowing when or whether his license would be suspended made it difficult to plan for his graduation and the student teaching required for graduation. Turner further testified he had a job delivering furniture, but he "could not drive. I was restricted from driving because of not knowing the ruling."

At the conclusion of the hearing, the district court found that Gile had reasonable grounds to believe Turner was operating his vehicle while under the influence of alcohol and upheld the basis for the driver's license suspension. Without expressly finding a due process violation, the district court found that the administrative suspension had been "unduly and unreasonably delayed." The district court determined the suspension order should have been issued by the administrative hearing officer within 30 days of the hearing; thus, the district court made the suspension order retroactive to August 30, 2009. Consequently, Turner's suspension was deemed completed as of August 30, 2010, which meant that he was entitled to the restoration of his driving privileges as of that date. The Department filed a timely notice of appeal from the district court's ruling.

On appeal, the Department contends the district court lacked authority to modify the administrative suspension of Turner's driver's license by making the suspension order retroactive. According to the Department, K.S.A. 2010 Supp. 8-259 governs a district court's review of an administrative decision to suspend a petitioner's driving privileges based on the petitioner's failure or refusal of a breath test. The Department argues that under that statute the district court could either affirm the suspension of

Turner's driving privileges or reinstate Turner's driving privileges, but the district court lacked authority to modify the administrative order by making the suspension retroactive. Turner ignores the Department's position and maintains the issue here is one of procedural due process.

The question presented in this appeal—the district court's authority on de novo trial of an administrative decision in a driver's license suspension case—is a question of law. See *Bruch v. Kansas Dept. of Revenue*, 282 Kan. 764, 772, 148 P.3d 538 (2006). Further, interpretation of a statute is a question of law over which appellate courts have unlimited review. *Unruh v. Purina Mills*, 289 Kan. 1184, 1202, 221 P.3d 1130 (2009).

K.S.A. 2010 Supp. 8-259(a) governs a district court's review of an administrative decision to suspend a petitioner's driving privileges based on the petitioner's failure or refusal of a breath alcohol test. This statute provides in part:

"The action for review shall be by trial *de novo* to the court. The court shall take testimony, examine the facts of the case and determine whether the petitioner is entitled to driving privileges or whether the petitioner's driving privileges are subject to suspension, cancellation or revocation under the provisions of this act."

As the Department points out, K.S.A. 2010 Supp. 8-259(a) authorizes the district court to either affirm the suspension order or reinstate the petitioner's driving privileges, but this statute does not confer upon the district court the authority to modify the Department's orders relating to suspension. The Department's position is supported by *Beckley v. Motor Vehicle Department*, 197 Kan. 289, 416 P.2d 750 (1966). In *Beckley*, the district court affirmed the Department's findings surrounding the petitioner's refusal to submit to blood alcohol testing, but the court modified the Department's suspension of the petitioner's driver's license from a period of 1 year to a period of 30 days. On appeal, the Kansas Supreme Court determined that under K.S.A. 8-259(a) (Corrick 1964), the district court lacked authority to modify the length of the suspension of the petitioner's driving privileges. 197 Kan. at 293. The court concluded with the following comments:

"If the courts were permitted to modify the suspension or revocation of a driver's license ordered by the Motor Vehicle Department by either enlarging or

reducing the period, the effectiveness of the administrative body would be destroyed. The administrative body would make initial recommendations to the court, which would rehear the matter and finally determine the length of the suspension or revocation. This could result in confusion, reduplication of effort, and inconsistent penalties administered over the state. The Motor Vehicle Department was initially set up for the purpose of avoiding such problem." 197 Kan. at 294.

See also *Badgley v. Kansas Driver Control Bureau*, 27 Kan. App. 2d 557, 558-60, 7 P.3d 326, *rev. denied* 270 Kan. 897 (2000) (applying the rationale of *Beckley* to find the district court had no jurisdiction to impose restrictions on driving privileges under K.S.A. 8-292); *Batliner v. Kansas Dept. of Revenue*, No. 90,268, 2004 WL 1176606, at *1, *5 (Kan. App. 2004) (unpublished opinion) (trial court lacked jurisdiction to modify the suspension period ordered by the Department).

Here, when the district court affirmed the basis or grounds for the administrative suspension of Turner's driver's license but made the 1-year suspension order retroactive, the district court effectively modified the terms of the suspension. Pursuant to K.S.A. 2010 Supp. 8-259(a), the district court had no authority to take this action. After determining that Giles had reasonable grounds to believe Turner was driving under the influence of alcohol to justify the request for the breathalyzer test, the district court had no alternative but to affirm the administrative suspension order without modification. Accordingly, we conclude the district court erred by modifying the administrative suspension of Turner's driver's license by making the suspension order retroactive.

Turner takes no issue with the Department's arguments that the district court lacked statutory authority to modify the suspension order. However, Turner claims he was denied due process as a result of the hearing officer's 9-month delay in rendering a decision affirming the suspension. Turner contends the proper remedy for the due process violation is dismissal of the administrative proceeding. He requests that the case be remanded with directions for the district court to dismiss the administrative proceeding. A due process argument presents a question of law, and appellate courts have unlimited review. *Hemphill v. Kansas Dept. of Revenue*, 270 Kan. 83, 89, 11 P.3d 1165 (2000).

Turner has two problems with his request for relief. First, Turner never actually filed a motion to dismiss in district court based on a denial of due process, and the district court did not expressly find a due process violation. Moreover, Turner has failed to file a cross-appeal from the district court's decision. When an appellee desires to have a review of rulings and decisions made by the district court, the appellee must file a cross-appeal; otherwise, the issue is not properly preserved. K.S.A. 2010 Supp. 60-2103(h); *Cooke v. Gillespie*, 285 Kan. 748, 755, 176 P.3d 144 (2008).

Second, even assuming the issue were properly preserved for review, the record does not support Turner's claim for relief. This court recently recognized that a petitioner's due process rights are implicated when the administrative order suspending a driver's license is delayed, but before a license suspension can be set aside on this basis, the petitioner must show prejudice. See *Duhr v. Kansas Dept. of Revenue*, No. 104,926, 2011 WL 4444481 (Kan. App. 2011) (unpublished opinion). In *Duhr*, the petitioner raised a due process violation when the administrative hearing officer took 7 months to uphold the driver's license suspension. However, this court determined there was no showing of prejudice to justify setting aside the suspension, particularly in light of the fact that the petitioner continued to enjoy driving privileges throughout the time he was waiting on the administrative decision. 2011 WL 4444481, at *3.

Here, Turner admitted he was using the DC-27 as his temporary driver's license throughout the appeal process, but he claimed not knowing when or whether his license would be suspended made it difficult to plan for his graduation and the student teaching required for graduation. Turner further testified he had a job delivering furniture, but he "could not drive. I was restricted from driving because of not knowing the ruling." Turner's testimony about not being able to drive is contradicted by the language of the DC-27 form which contains no restrictions of his driving privileges. Also, Turner's vague reference to his inability to plan his graduation is not sufficient prejudice to justify setting aside the suspension. Therefore, we conclude Turner has failed to show he was denied

due process as a result of the hearing officer's delayed decision sufficient to justify dismissal of the administrative proceeding.

However, we agree with Turner on one point: a 9-month delay by the hearing officer to render a decision in a driver's license suspension proceeding. is unacceptable. K.S.A. 2010 Supp. 8-1020(n) allows a hearing officer to take the matter under advisement and issue a hearing order at a later date. Nevertheless, we do not perceive a need for a hearing officer to take 9 months to render a decision under any circumstances. The administrative order is a preprinted form and allows the hearing officer to check certain boxes to issue a ruling. The driver's license suspension process is intended to be carried out quickly to protect the public, as well as to ensure due process to the driver, and the legislation's statutory purpose is defeated by significant delay. See *Foster v. Kansas Dept. of Revenue*, 281 Kan. 368, 373-74, 130 P.3d 560 (2006) (addressing the Department's statutory duty to schedule administrative hearings "forthwith"). The Department should endeavor to make sure that driver's license suspension proceedings are handled in an expeditious manner.

In summary, the district court lacked statutory authority to modify the administrative suspension of Turner's driver's license by making the suspension order retroactive. Turner has failed to establish a due process violation in this particular case as a result of the hearing officer's delay in rendering a decision. The district court's decision modifying the administrative suspension order is reversed and remanded with directions for the district court to reinstate the administrative order without modification.

Reversed and remanded with directions.