NOT DESIGNATED FOR PUBLICATION

No. 115,957

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MEGAN LOUISE LONNBERG,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Ellis District Court; GLENN R. BRAUN, judge. Opinion filed July 7, 2017. Affirmed.

*Heather R. Fletcher*, of Kennedy Berkley Yarnevich & Williamson Chartered, of Hays, for appellant.

*John D. Shultz*, Legal Services Bureau, of Kansas Department of Revenue, for appellee.

Before MALONE, P.J., LEBEN and BRUNS, JJ.

*Per Curiam*:  Megan Louise Lonnberg appeals from the suspension of her driver's license after a de novo trial in district court. On appeal, Lonnberg contends that the district court improperly weighed the evidence and, as a result, erred in affirming the administrative order of suspension. In addition, she contends that the State violated her due process rights by excessively delaying the trial. Based on our review of the record, however, we conclude that there was sufficient evidence presented at trial upon which a reasonable person could conclude that Lonnberg's driver's license should be suspended. Moreover, we conclude that the district court did not violate Lonnberg's due process rights. Thus, we affirm.

1

In the early morning of December 6, 2014, Officer Evan Cronn of the Hays Police Department stopped Lonnberg for driving the wrong way down a one-way street. During the stop, Officer Cronn detected the odor of alcoholic beverages and noted Lonnberg's bloodshot eyes. Lonnberg admitted to the officer that she had been drinking. Officer Cronn administered a series of field sobriety tests to Lonnberg, which she failed. Likewise, Lonnberg failed a preliminary breath test. Accordingly, Officer Cronn placed Lonnberg under arrest for driving under the influence of alcohol.

After she was arrested, Lonnberg agreed to take an Intoxilyzer breath test. After multiple failed attempts to give a breath sample, Lonnberg blew a .081—a value above the legal limit. Officer Cronn subsequently affirmed that the Intoxilyzer machine was certified, that he was certified to use the machine, and that he followed the correct procedures in administering the test to Lonnberg. Moreover, Officer Cronn memorialized all of this information in a Certification and Notice of Suspension (DC-27) that he served on Lonnberg.

An administrative hearing officer upheld the suspension, and Lonnberg filed a petition for review in the Ellis County District Court on March 20, 2015. Evidently, the State did not receive a copy of the petition for review until March 31, 2015. The de novo trial was originally set for September 22, 2015. However, this was Officer Cronn's wedding day. As such, the district court continued the trial until February 26, 2016. At the trial, the State moved for another continuance because Officer Cronn was on his honeymoon and was unavailable. In response, Lonnberg's attorney pointed out that Officer Cronn was her witness and that she was ready to proceed. Thus, the district court allowed the trial to go forward.

At the bench trial, Lonnberg admitted that she drove the wrong way down a one-way street. Nevertheless, she maintained that she was otherwise in control of her vehicle. Lonnberg testified that she had the flu at the time of the stop, which caused her to vomit a small amount. She also testified that she had to blow into both the preliminary testing device and the Intoxilyzer machine multiple times before they recorded her results. Furthermore, Lonnberg testified that she had a passenger who had also been drinking at the time of her arrest. The State cross-examined Lonnberg and had the DC-27 completed by Officer Cronn admitted into evidence. The parties introduced no additional evidence.

On April 20, 2016, the district court entered a journal entry affirming the administrative order suspending Lonnberg's driver's license. Specifically, the district court found that Lonnberg had failed to meet her burden of proof at trial. On May 18, 2016, Lonnberg timely filed this appeal.

ANALYSIS

The Kansas Judicial Review Act (KJRA) defines the scope of judicial review of state agency actions. K.S.A. 2016 Supp. 77-603(a); see *Ryser v. State*, 295 Kan. 452, 458, 284 P.3d 337 (2012). Appeals from administrative suspensions of driver's licenses are subject to review under the KJRA except that appeals to the district court are de novo. K.S.A. 2016 Supp. 8-259(a); see *Moser v. Kansas Dept. of Revenue*, 289 Kan. 513, 516, 213 P.3d 1061 (2009). On appeal, the burden of proving the invalidity of the agency action rests on the party asserting such invalidity. K.S.A. 2016 Supp. 77-621(a)(1).

We review a district court's ruling in a driver's license suspension case for substantial competent evidence. *Swank v. Kansas Dept. of Revenue*, 294 Kan. 871, 881, 281 P.3d 135 (2012); see *Mitchell v. Kansas Dept. of Revenue*, 41 Kan. App. 2d 114, 118, 200 P.3d 496 (2009). Notwithstanding the State's argument to the contrary, the negative

3

finding standard does not apply in driver's license suspension cases reviewed under the KJRA. *Love v. Kansas Dept. of Revenue*, No. 112,135, 2015 WL 4879188, at * 2 (Kan. App. 2015) (unpublished opinion), *rev. denied* 303 Kan. 1078 (2016). This is because the KJRA provides that an agency action must be supported by evidence that is substantial when viewed in light of the record as a whole. See K.S.A. 2016 Supp. 77-621(c)(7).

Substantial competent evidence is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion. *Gannon v. State*, 298 Kan. 1107, 1175, 319 P.3d 1196 (2014). In evaluating the evidence presented at trial, we do not weigh conflicting evidence nor do we evaluate the credibility of witnesses. *Hodges v. Johnson*, 288 Kan. 56, 65, 199 P.3d 1251 (2009). Whether substantial competent evidence exists is a question of law. *Redd v. Kansas Truck Center*, 291 Kan. 176, 182, 239 P.3d 66 (2010).

Lonnberg argues the district court placed too much reliance on Officer Cronn's DC-27 form. She also argues that the district court did not give sufficient weight to her testimony. Based on our review of the record on appeal, we do not find either of Lonnberg's arguments to be persuasive.

K.S.A. 2016 Supp. 8-1002(b) provides that a "signed certification or a copy or photostatic reproduction [of a DC-27 form] shall be admissible in evidence in all proceedings brought pursuant to this act, and receipt of any such certification, copy or reproduction shall accord the department authority to proceed as set forth herein." As such, the statements contained in the DC-27 are admissible evidence that can be considered by a district court in an administrative suspension case regardless of whether the certifying officer testifies at trial. *Pfeifer v. Kansas Dept. of Revenue*, 52 Kan. App. 2d 591, 601, 370 P.3d 1200 (2016). Once admitted into evidence, it is up to the district

court to determine how much weight to give the statements contained in a DC-27 as compared to the other evidence presented at trial.

Lonnberg had the burden at trial to show that the agency's decision to suspend her driver's license should be set aside. K.S.A. 2016 Supp. 8-1020(q). A review of the record reveals that the district court considered both the statements contained in the DC-27 and Lonnberg's testimony at trial. Notwithstanding her arguments to the contrary, the evidence presented at the trial of this case was far from uncontroverted. Although Lonnberg offered her version of the story, the district court had the authority—and the duty—to consider not only her testimony but also the statements contained in the DC-27.

The DC-27 is competent evidence regarding the reason for the traffic stop and the reason the officer suspected that Lonnberg had been driving under the influence. Specifically, the DC-27 indicated that Officer Cronn, after stopping Lonnberg for driving the wrong way down a one-way street, smelled the odor of alcoholic beverages and observed that she had bloodshot eyes. In addition, the DC-27 revealed that Lonnberg admitted to drinking alcohol and failed field sobriety tests as well as a preliminary breath test. It also was competent evidence to show that a breath test had been administered to Lonnberg and that she had an alcohol concentration of .08 or greater. The DC-27 also indicated that the testing equipment was certified, that Officer Cronn conducted the test in accordance with the proper requirements, and that the operator of the testing equipment was certified to operate the machine.

After weighing this conflicting evidence, the district court found that the administrative order of suspension should be upheld. Based on our review of the record, we conclude that there was sufficient competent evidence presented at trial to support this finding. As indicated above, it is not the role of this court to reweigh the evidence presented at trial or to determine the credibility of witnesses. Thus, we will not replace our judgment for that of the district court.

5

Lonnberg also argues that the district court violated her due process rights due to the delay between the time she filed the petition for review in district court and the time the district court held the de novo trial. A driver seeking administrative review of a license suspension has due process rights in connection with the hearing process, and those rights might be violated by delay. But the driver must show some prejudice from the delay. *Turner v. Kansas Dept. of Revenue*, 46 Kan. App. 2d 841, 846, 264 P.3d 1050 (2011); see *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 547, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985). Prejudice is not presumed because the driver is given a copy of the DC-27 that serves as a temporary driver's license through the appeals process. K.S.A. 2016 Supp. 8-1002(e); K.S.A. 2016 Supp. 8-1020(b), (o). Thus, a driver does not lose the privilege to drive while his or her appeal of an administrative suspension is pending.

We do not find that Lonnberg has demonstrated prejudice in this case. Arguably, the continuances of the trial actually acted to Lonnberg's benefit because she continued to have a temporary license throughout the appeal process. Regardless, there is no statutory directive establishing a fixed time limit for holding a trial after the filing of a petition for review. Except for an abuse of discretion, we do not interfere with a district court's authority to exercise control over its docket. See *Miller v. Glacier Development Co.*, 284 Kan. 476, 494, 161 P.3d 730 (2007). Here, Lonnberg failed to identify how the district court's decisions to continue the case were an abuse of discretion. Thus, we do not find Lonnberg's due process argument to be persuasive.

Affirmed.